No. 24-2533

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ALASKA INDUSTRIAL DEVELOPMENT AND EXPORT AUTHORITY, et. al.,

*Plaintiffs-Appellants*,

v.

JOSEPH R. BIDEN, et al.,

*Defendants-Appellees*,

and

NATIVE VILLAGE OF VENETIE TRIBAL GOVERNMENT, et al.,

*Intervenor-Defendants-Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA,

No. 3:21-cv-00245-SLG (Honorable Sharon L. Gleason)

**STATUORY ADDENDUM TO APPELLANTS' OPENING BRIEF**

James H. Lister
David Karl Gross
Brian V. Gerd
Zoe A. Eisberg
Birch Horton Bittner & Cherot
1150 Connecticut Avenue, NW, Suite 350
Washington, DC 20036-4142
Phone: (202) 659-5800

*Attorneys for Plaintiffs-Appellants*

503357\285\1747289

# STATUTORY ADDENDUM
# ADDENDUM CONTENTS

**Federal Statutes and Regulations**                                                                 **Page No.**

Public Law No. 115-97 ............................................................................................... 2

5 U.S.C. § 555(b) ....................................................................................................... 4

5 U.S.C. § 706 ............................................................................................................ 4

42 U.S.C. § 4336 ........................................................................................................ 5

42 U.S.C. § 4336e ...................................................................................................... 6

42 U.S.C. § 6506a ...................................................................................................... 6

43 U.S.C. § 1337 ........................................................................................................ 9

40 C.F.R. § 1508.1 ................................................................................................... 11

**Public Law 115-97 – Dec. 22, 2017 (The Tax Act)**

**§ 20001. Oil and Gas Program.**

**(a) Definitions.**—in This section:

(1) Coastal Plain. – The term "Coastal Plain" means the area identified as the 1002 Area on the plates prepared by the United States Geological Survey entitled "ANWR Map – Plate 1" and ''ANWR Map – Plate 2'', dated October 24, 2017, and on file with the United States Geological Survey and the Office of the Solicitor of the Department of the Interior.

(2) SECRETARY.—The term ''Secretary'' means the Secretary of the Interior, acting through the Bureau of Land Management.

**(b) OIL AND GAS PROGRAM.**—

(1) IN GENERAL.—Section 1003 of the Alaska National Interest Lands Conservation Act (16 U.S.C. 3143) shall not apply to the Coastal Plain.

(2) ESTABLISHMENT.—

(A) IN GENERAL.—The Secretary shall establish and administer a competitive oil and gas program for the leasing, development, production, and transportation of oil and gas in and from the Coastal Plain.

(B) PURPOSES.—Section 303(2)(B) of the Alaska National Interest Lands Conservation Act (Public Law 96– 487; 94 Stat. 2390) is amended—

(i) in clause (iii), by striking ''and'' at the end;

(ii) in clause (iv), by striking the period at the end and inserting ''; and''; and

(iii) by adding at the end the following: ''(v) to provide for an oil and gas program on the Coastal Plain.''.

(3) MANAGEMENT.—Except as otherwise provided in this section, the Secretary shall manage the oil and gas program on the Coastal Plain in a manner similar to the administration of lease sales under the Naval Petroleum Reserves Production Act of 1976 (42 U.S.C. 6501 et seq.) (including regulations).

2

(4) ROYALTIES.—Notwithstanding the Mineral Leasing Act (30 U.S.C. 181 et seq.), the royalty rate for leases issued pursuant to this section shall be 16.67 percent.

(5) RECEIPTS.—Notwithstanding the Mineral Leasing Act (30 U.S.C. 181 et seq.), of the amount of adjusted bonus, rental, and royalty receipts derived from the oil and gas program and operations on Federal land authorized under this section—

(A) 50 percent shall be paid to the State of Alaska; and

(B) the balance shall be deposited into the Treasury as miscellaneous receipts.

**(c) 2 LEASE SALES WITHIN 10 YEARS**.—

(1) REQUIREMENT.—

(A) IN GENERAL.—Subject to subparagraph (B), the Secretary shall conduct not fewer than 2 lease sales areawide under the oil and gas program under this section by not later than 10 years after the date of enactment of this Act.

(B) SALE ACREAGES; SCHEDULE.—

(i) ACREAGES.—The Secretary shall offer for lease under the oil and gas program under this section—

(I) not fewer than 400,000 acres area-wide in each lease sale; and

(II) those areas that have the highest potential for the discovery of hydrocarbons.

(ii) SCHEDULE.—The Secretary shall offer—

(I) the initial lease sale under the oil and gas program under this section not later than 4 years after the date of enactment of this Act; and

(II) a second lease sale under the oil and gas program under this section not later than 7 years after the date of enactment of this Act.

3

(2) RIGHTS-OF-WAY.—The Secretary shall issue any rightsof-way or easements across the Coastal Plain for the exploration, development, production, or transportation necessary to carry out this section.

(3) SURFACE DEVELOPMENT.—In administering this section, the Secretary shall authorize up to 2,000 surface acres of Federal land on the Coastal Plain to be covered by production and support facilities (including airstrips and any area covered by gravel berms or piers for support of pipelines) during the term of the leases under the oil and gas program under this section.

**5 U.S.C. § 555(b). Ancillary matters.**

**(b)** A person compelled to appear in person before an agency or representative thereof is entitled to be accompanied, represented, and advised by counsel or, if permitted by the agency, by other qualified representative. A party is entitled to appear in person or by or with counsel or other duly qualified representative in an agency proceeding. So far as the orderly conduct of public business permits, an interested person may appear before an agency or its responsible employees for the presentation, adjustment, or determination of an issue, request, or controversy in a proceeding, whether interlocutory, summary, or otherwise, or in connection with an agency function. With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it. This subsection does not grant or deny a person who is not a lawyer the right to appear for or represent others before an agency or in an agency proceeding.

**5 U.S.C. § 706.  Scope of Review**

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall--

**(1)** compel agency action unlawfully withheld or unreasonably delayed; and

**(2)** hold unlawful and set aside agency action, findings, and conclusions found to be--

4

**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

**(B)** contrary to constitutional right, power, privilege, or immunity;

**(C)** in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

**(D)** without observance of procedure required by law;

**(E)** unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

**(F)** unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

## 42 U.S.C. § 4336. Procedure for determination of level of review.

**(a) Threshold determinations**

An agency is not required to prepare an environmental document with respect to a proposed agency action if—

**(1)** the proposed agency action is not a final agency action within the meaning of such term in chapter 5 of Title 5;
**(2)** the proposed agency action is excluded pursuant to one of the agency's categorical exclusions, another agency's categorical exclusions consistent with section 4336c of this title, or another provision of law;

**(3)** the preparation of such document would clearly and fundamentally conflict with the requirements of another provision of law; or

**(4)** the proposed agency action is a nondiscretionary action with respect to which such agency does not have authority to take environmental factors into consideration in determining whether to take the proposed action.

5

**42 U.S.C. § 4336e. Definitions**

**(10)** **Major Federal action**

**(A) In general**
The term "major Federal action" means an action that the agency carrying out such action determines is subject to substantial Federal control and responsibility.

**(B) Exclusion**

The term "major Federal action" does not include--

… **(vii)** activities or decisions that are non-discretionary and made in accordance with the agency's statutory authority.

**42 U.S.C. § 6506a. Competitive leasing of oil and gas.**

**(a) In general**

The Secretary shall conduct an expeditious program of competitive leasing of oil and gas in the Reserve in accordance with this Act.

**(b) Mitigation of adverse effects**

Activities undertaken pursuant to this Act shall include or provide for such conditions, restrictions, and prohibitions as the Secretary deems necessary or appropriate to mitigate reasonably foreseeable and significantly adverse effects on the surface resources of the National Petroleum Reserve in Alaska.

**(c) Land use planning; BLM wilderness study**
The provisions of section 1712 and section 1782 of title 43 shall not be applicable to the Reserve.

**(d) First lease sale**
The first lease sale shall be conducted within twenty months of December 12, 1980: *Provided*, That the first lease sale shall be conducted only after publication of a final environmental impact statement if such is deemed

necessary under the provisions of the National Environmental Policy Act of 1969 (42 U.S.C. 4321 et seq.).

**(e) Withdrawals**

The withdrawals established by section 6502 of this title are rescinded for the purposes of the oil and gas leasing program authorized under this section.

**(f) Bidding systems**

Bidding systems used in lease sales shall be based on bidding systems included in section 205(a)(1)(A) through (H) of the Outer Continental Shelf Lands Act Amendments of 1978 (92 Stat. 629).

**(g) Geological structures**

Lease tracts may encompass identified geological structures.

**(h) Size of lease tracts**
The size of lease tracts may be up to sixty thousand acres, as determined by the Secretary.

**(i) Terms**
   **(1) In general**

   Each lease shall be issued for an initial period of not more than 10 years, and shall be extended for so long thereafter as oil or gas is produced from the lease in paying quantities, oil or gas is capable of being produced in paying quantities, or drilling or reworking operations, as approved by the Secretary, are conducted on the leased land.

   **(2) Renewal of leases with discoveries**

   At the end of the primary term of a lease the Secretary shall renew for an additional 10-year term a lease that does not meet the requirements of paragraph (1) if the lessee submits to the Secretary an application for renewal not later than 60 days before the expiration of the primary lease and the lessee certifies, and the Secretary agrees, that

hydrocarbon resources were discovered on one or more wells drilled on the leased land in such quantities that a prudent operator would hold the lease for potential future development.

**(3) Renewal of leases without discoveries**

At the end of the primary term of a lease the Secretary shall renew for an additional 10-year term a lease that does not meet the requirements of paragraph (1) if the lessee submits to the Secretary an application for renewal not later than 60 days before the expiration of the primary lease and pays the Secretary a renewal fee of $100 per acre of leased land, and—

**(A)** the lessee provides evidence, and the Secretary agrees that, the lessee has diligently pursued exploration that warrants continuation with the intent of continued exploration or future potential development of the leased land; or

**(B)** all or part of the lease—

**(i)** is part of a unit agreement covering a lease described in subparagraph (A); and

**(ii)** has not been previously contracted out of the unit.

**(4) Applicability**

This subsection applies to a lease that is in effect on or after August 8, 2005.

**(5) Expiration for failure to produce**

Notwithstanding any other provision of this Act, if no oil or gas is produced from a lease within 30 years after the date of the issuance of the lease the lease shall expire.

**(6) Termination**

No lease issued under this section covering lands capable of producing oil or gas in paying quantities shall expire because the

8

>> lessee fails to produce the same due to circumstances beyond the control of the lessee.

…

**(o) Regulations**

> As soon as practicable after August 8, 2005, the Secretary shall issue regulations to implement this section.

**43 U.S.C. § 1337. Leases, easements, and rights-of-way on the outer Continental Shelf.**

**(a) Oil and gas leases; award to highest responsible qualified bidder; method of bidding; royalty relief; Congressional consideration of bidding system; notice**

> **(1)** The Secretary is authorized to grant to the highest responsible qualified bidder or bidders by competitive bidding, under regulations promulgated in advance, any oil and gas lease on submerged lands of the outer Continental Shelf which are not covered by leases meeting the requirements of subsection (a) of section 1335 of this title…

…

**(i) Sulphur leases; award to highest bidder; method of bidding**

In order to meet the urgent need for further exploration and development of the sulphur deposits in the submerged lands of the outer Continental Shelf, the Secretary is authorized to grant to the qualified persons offering the highest cash bonuses on a basis of competitive bidding sulphur leases on submerged lands of the outer Continental Shelf, which are not covered by leases which include sulphur and meet the requirements of section 1335(a) of this title, and which sulphur leases shall be offered for bid by sealed bids and granted on separate leases from oil and gas leases, and for a separate consideration, and without priority or preference accorded to oil and gas lessees on the same area.

…

**(k) Other mineral leases; award to highest bidder; terms and conditions; agreements for use of resources for shore protection, beach or coastal wetlands restoration, or other projects**

>**(1)** The Secretary is authorized to grant to the qualified persons offering the highest cash bonuses on a basis of competitive bidding leases of any mineral other than oil, gas, and sulphur in any area of the outer Continental Shelf not then under lease for such mineral upon such royalty, rental, and other terms and conditions as the Secretary may prescribe at the time of offering the area for lease.
>
>**(2)(A)** Notwithstanding paragraph (1), the Secretary may negotiate with any person an agreement for the use of Outer Continental Shelf sand, gravel and shell resources--
>>**(i)** for use in a program of, or project for, shore protection, beach restoration, or coastal wetlands restoration undertaken by a Federal, State, or local government agency; or
>>**(ii)** for use in a construction project, other than a project described in clause (i), that is funded in whole or in part by or authorized by the Federal Government.

…

 **(p) Leases, easements, or rights-of-way for energy and related purposes**
>**(1) In general**
>The Secretary, in consultation with the Secretary of the Department in which the Coast Guard is operating and other relevant departments and agencies of the Federal Government, may grant a lease, easement, or right-of-way on the outer Continental Shelf for activities not otherwise authorized in this subchapter, the Deepwater Port Act of 1974 (33 U.S.C. 1501 et seq.), the Ocean Thermal Energy Conversion Act of 1980 (42 U.S.C. 9101 et seq.), or other applicable law, if those activities—
>
>>**(A)** support exploration, development, production, or storage of oil or natural gas, except that a lease, easement, or right-of-way shall not be granted in an area in which oil and gas preleasing, leasing, and related activities are prohibited by a moratorium;
>>
>>**(B)** support transportation of oil or natural gas, excluding shipping activities;

10

**(C)** produce or support production, transportation, storage, or transmission of energy from sources other than oil and gas;

**(D)** use, for energy-related purposes or for other authorized marine-related purposes, facilities currently or previously used for activities authorized under this subchapter, except that any oil and gas energy-related uses shall not be authorized in areas in which oil and gas preleasing, leasing, and related activities are prohibited by a moratorium; or

**(E)** provide for, support, or are directly related to the injection of a carbon dioxide stream into sub-seabed geologic formations for the purpose of long-term carbon sequestration.

**40 C.F.R. § 1508.1 Definitions.**

The following definitions apply to the regulations in this subchapter. Federal agencies shall use these terms uniformly throughout the Federal Government.

(w) Major Federal action or action means an action that the agency carrying out such action determines is subject to substantial Federal control and responsibility.

> …(2) Major Federal actions do not include the following:
>
>> (vii) Activities or decisions that are non-discretionary and made in accordance with the agency's statutory authority.

11